IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned On Brief February 22, 2008

## TRISHA ELLEN DILLINGHAM v. DAVID CLYDE DOWNARD

Direct Appeal from the Chancery Court for Madison County
No. 58975     Roger A. Page, Judge, Sitting by Interchange

_____

No. W2007-01429-COA-R3-CV - Filed March 4, 2008
_____

Mother sought court approval to relocate out-of-state due to a job transfer which would result in a significant increase in pay. When the matter came on to be heard, the job opportunity was no longer available. Father contends that the trial court should have dismissed the petition due to mootness. We agree. The matter is remanded to the trial court for entry of an order of dismissal.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Remanded

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S., and HOLLY M. KIRBY, J., joined.

David Clyde Downard, *Pro Se*.

## MEMORANDUM OPINION[1]

Trisha Ellen Dillingham (Mother) and David Clyde Downard (Father) were divorced in Robertson County, Tennessee in June 2000. One child was born to the marriage on April 28, 1999. The final decree of divorce provided that Mother be named the primary residential parent and Father was awarded visitation. Mother and child subsequently moved to Madison County.

On August 24, 2006, Mother filed a petition in the Chancery Court of Madison County to modify the prior order of visitation and support and requested that the court adopt a new parenting plan/visitation schedule and for court approval of her relocation to Atlanta, Georgia. The petition

_____

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

recites that Mother has received an opportunity to transfer with her job to Atlanta which would result in a significant increase in pay.

Father filed an answer and counter-complaint for contempt wherein he opposes the relocation and asks the court to hold Mother in contempt. Father specifically is aggrieved by the fact that minor child refers to the step-father as "Dad".

The record before us consists of what is commonly referred to as the Technical Record. The record does not contain a transcript of the proceedings below or a statement of the evidence. However, it is apparent from the trial court's order of March 12, 2007, and the Findings of Fact and Conclusions of Law attached thereto, that when the matter came on to be heard, that the job opportunity in Georgia was no longer available. In the Findings of Fact and Conclusions, the trial court stated as follows:

> I guess - - I don't know how to properly legally - - I guess if you're asking me to rule that you can go ahead and move to - - if you're asking me to rule hypothetically that she can move anywhere in these four states, I'm not going to do that. I'm not prepared to do that. I hate that she missed this opportunity to move down to the Metro Atlanta area. It's a nice place to live. Perhaps they can still accommodate her. If that's where she's asking to move, if you come back in here in two or three weeks or a month and ask me to do that, I would approve it with certain limitation or exceptions, whatever we need to do. If she gets an opportunity in Memphis, my understanding is you don't need Court approval for that anyway because it's in the state. Now, if you get one that's in a different state, I'm not saying I may or may not approve it. We'll just have to look at the factors. I don't think I can apply the factors in the statute that I'm compelled to comply in a hypothetical situation, okay. Does that answer your question before me this afternoon?

> MS. KARNES: Your Honor, are you saying that if tomorrow she were to have a Duluth opportunity, that's acceptable to the Court?

> THE COURT: Duluth, Georgia, based on what I've seen and read is acceptable to me. Anywhere in the Metropolitan Atlanta area, I think, is a reasonable distance from Nashville. I don't think Alabama is one of the states, but Birmingham would be reasonable, somewhere like that. But if you're asking me to allow you to move somewhere on the North Carolina or South Carolina coast, then that's a different question. Okay?

The order entered by the trial court states as follows:

1.	That according to the Findings of Fact and Conclusions of Law (attached hereto as Exhibit "A"), the Plaintiff's situation as to relocation was hypothetical at the present time; however, the Court did find that if the

-2-

Plaintiff were presented with a job opportunity in the Metro-Atlanta area discussed earlier in the hearing, then the Court would approve same . . . .

2.      That if an employment opportunity was presented to the Plaintiff to a location outside Tennessee or the Metro-Atlanta area, the Court would require the Plaintiff to schedule a brief hearing before the Court to address same.

3.      That the Plaintiff's request for attorney's fees is denied.

4.      That the Defendant's request for attorney's fees is denied.

5.      That the Court would not enter an Order as to what the parties' minor child should call the step-father.

Father filed a timely notice of appeal.[2]  Father contends on appeal that the trial court erred in failing to enter an order dismissing Mother's petition to relocate when it became apparent that the basis for the petition, the job offer in Georgia, was no longer on the table.  We agree.  At that point, Mother's petition to relocate was moot and should have been dismissed.  In the event circumstances change materially, either party certainly may petition the court for relief.

This cause is remanded to the trial court for entry of an order dismissing the Mother's petition to relocate.  The trial court's decision regarding the award of attorney's fees for each party and his ruling on what the minor child should call the step-father is affirmed.  In our discretion, we tax the costs of this appeal to the appellant, David Clyde Downard, and his surety.

_____
DAVID R. FARMER, JUDGE

---

[2]Although both parties were represented by counsel in the trial court, Father appears in this Court *Pro Se*. Correspondence in the file indicates that Father is an attorney. Mother did not file a brief and this Court entered an order on February 14, 2008, that, due to Mother's failure to submit a brief, the matter would be submitted for decision on the record, appellant's brief, and appellant's oral argument, if requested. Oral argument was not requested. Mother's trial counsel filed a motion in this Court to withdraw which this Court granted.